# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DONNIE D. POTTER, )
    Petitioner, )
)
vs. ) CIVIL ACTION 17-00527-WS-N
)
HUEY HOSS MACK[1], )
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner Donnie Wayne Potter ("Potter"), a state pretrial detainee, housed in the Baldwin County Jail, has filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 5). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). It is recommended that Potter's action be **DISMISSED** without prejudice, prior to service, to afford him an opportunity to exhaust all available state remedies.

## FINDINGS OF FACT

Piecing together Potter's allegations, it seems he has been incarcerated in the Baldwin County Correctional Facility since February 13, 2017. (Doc. 1 at 2). He states that he is being held on "felony simple possession of a controlled substance." (Id. at 4). Potter's initial filing, dated November 9, 2017, was styled as a "motion to compel." (Doc. 1). Because Petitioner is a pretrial detainee, who appeared to be in the custody of the

---

[1]The Court corrected the docket to reflect Huey "Hoss" Mack as the properly named Respondent. Although Petitioner captioned this action against Baldwin County Correctional Center (Doc. 1), Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the officer having custody of the applicant shall be named as Respondent.

1

State of Alabama, Petitioner was ordered to re-file his petition pursuant to 28 U.S.C. § 2241. (Doc. 5). Petitioner has done so and Doc. 5 is now the operative petition in this action.

Potter claims that the state dropped several charges against him in March 2016 but are "bringing them back up" in response to the motion he filed in this Court. (Doc. 5 at 2). Potter claims that he has been in custody for 10 months, while individuals with more severe charges are receiving shorter sentences and that he has tried to plead guilty but that his attorney and the district attorney's office will not permit him to do so. (Id. at 2-3).

As a result of these alleged wrongs, Potter seeks several types of relief. He requests that this Court investigate his case, to dismiss his case, to dismiss his attorney[2], and for this Court to grant him bond. It appears that he is attempting to have the charges against him dismissed and possibly to enforce his right to a speedy trial, as he points to the length of time he has been in custody without adjudication of his case.

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999); *Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002)("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations

---

[2] A review of the publicly accessible docket of Potter's Baldwin County Circuit Court case via alacourt.com (https://v2.alacourt.com/ (last visited February 1, 2018)) indicates that new counsel has been appointed on Potter's behalf. Thus, even if the Court could provide such relief, this request appears to be **MOOT**.

2

period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

Considering the petition under § 2241, "[a]n initial question is whether [Potter] has any right to invoke federal habeas corpus in view of the fact he has not yet been tried...." *Brown v. Estelle,* 530 F.2d 1280, 1282–83 (5th Cir.1976).[3] The Fifth Circuit has explained:

> The answer is provided in large part by the Supreme Court's decision in *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court there reiterated the long established principle that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. The Court held, however, that there was an important distinction between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. *See Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met. *See Tooten v. Shevin,* 493 F.2d 173 (5th Cir.1974), *cert. denied,* 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).

*Brown,* 530 F.2d at 1282–83.

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit issued prior to October 1, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir.1981).

To the extent Potter is seeking to have the charges dismissed or to adjudicate the merits of affirmative defenses to the charge prior to a judgment of conviction, his petition is due to be dismissed. As the Supreme Court made clear in *Braden v. 30th Judicial Circuit Court of Kentucky,* this type of relief is not available through federal habeas corpus. 410 U.S. 484, 93 S.Ct. 1123 (1973).

With regard to the other types of relief sought, provided two requirements are satisfied, a state pretrial detainee like Potter can raise constitutional claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See, e.g., Robinson v. Hughes*, 2012 WL 255759, *2 (M.D. Ala. Jan. 5, 2012), report and recommendation adopted , 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). First, the petitioner must be "in custody," albeit "not pursuant to the final judgment of a state court [,]" id., *citing Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2241(c) , and, second, he "must have exhausted his available state remedies." Id.; *see Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-489 & n.4,(1973)(finding petitioner had satisfied § 2241(c)(3) 's "in custody" requirement and that he had exhausted "all available state remedies as a prelude to this action.").

When Potter filed his petition, he was incarcerated in the Baldwin County Correctional Facility awaiting trial on charges arising in Baldwin County, Alabama. Therefore, he satisfied the "in custody" requirement for purposes of § 2241 at the time the petition was filed. However, the undersigned has reviewed the AlaCourt[4] filings in Potter's relevant state court cases[5] and it appears he may have been released on bond

---

[4] AlaCourt is the electronic state court filing system in Alabama.
[5] Baldwin County District Court case numbers DC-2016-002351.00, DC-002352.00, DC-2016-002353.00.

4

in early March 2018 and is scheduled to appear before a Baldwin County District Court judge on March 22, 2018.[6] Even if Potter has been released on bond, he meets the in custody requirement as the state still exercises some of control over the petitioner. *See Howard v. Warden,* 776 F.3d 772, 775-76 (11th Cir. 2015) (stating the "in custody" requirement may also be met where a petitioner is on probation, parole, or bail).

To the extent Potter seeks to enforce the state's obligation to bring him promptly to trial, there is no indication that he exhausted his state remedies before filing a habeas petition. *See Tooten v. Shevin,* 493 F.2d 173, 175 (5th Cir.1974), *cert. denied,* 421 U.S. 966, 95 S.Ct. 1957 (1975) ("Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled").

The United States Supreme Court in *Braden, supra*, indicated that a petitioner must exhaust all available state remedies under an action brought pursuant to § 2241. *See* 410 U.S. at 485-489. "Although the statutory language of 28 U.S.C. § 2241 itself does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Robinson, supra*, at *2 n.3 (citations omitted); *see also Skaggs v. Morgan,* 2012 WL 684801, *3 (N.D. Fla. Jan. 31, 2012) ("Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions,

---

[6] A court may take judicial notice of the records of state court proceedings. *See* Fed.R.Evid. 201.

5

federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."), *report and recommendation adopted*, 2012 WL 684766 (N.D. Fla. Mar. 2, 2012).

A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." See *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845, 119 S.Ct. at 1732; see *Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute ... requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If ... habeas corpus is the exclusive federal remedy ..., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct.

6

1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id.* (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]' " *Id.* (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless,* 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon,* 2007 WL 1877977, *3 (E.D. Pa. June 27, 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman,* 2006 WL 3341200, *2 (N.D. Ill. Nov. 16, 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

The exhaustion requirement is excused if "there is either an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama,* 728 F.2d 1384, 1387 (11th Cir. 1984).

7

Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under *Fay v. Noia*, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, Potter has not exhausted his claims (*see* Docs. 1, 5) in the Alabama Supreme Court nor has he established any basis for this Court to excuse the exhaustion requirement. Because petitioner has failed to exhaust his claims in state court, he is not entitled to relief pursuant to § 2241.

In addition to the foregoing,

> under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Only in the most unusual

8

> circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court is not allowed. Federal habeas relief should not be used as a pretrial motion forum for state prisoners.

*Robinson, supra*, at *2 (internal citations, quotation marks and brackets omitted). Nothing about Potter's allegations establish evidence of bad faith prosecution nor do his sparse allegations entitle him to review under the "irreparable injury" exception recognized in *Younger v. Harris*, 401 U.S. 37, 53-54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971). *See id.* at *3. Finally, petitioner has made no showing that he has no available state corrective process, nor does he present any argument warranting "federal court interference in the normal functioning" of Alabama's criminal processes. *Id.* As noted by the *Robinson* court, the state courts of Alabama offer "adequate and effective state procedures for review of [petitioner]'s constitutional claims either before trial or, in the event [petitioner] is convicted, through appellate and post-conviction proceedings." *Id.*

Because Potter has not established any reason for this Court to excuse him from the exhaustion requirement, his § 2241 petition is due to be dismissed without prejudice to afford him the opportunity to exhaust all available state court remedies before pursuing federal habeas corpus relief.

## CONCLUSION

Based on the foregoing, the undersigned recommends the petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

# CERTIFCATE OF APPEALABILITY

In actions such as this one brought by a state prisoner under § 2241, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.[13] "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States,* 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). *See also Miller-El,* 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "A prisoner seeking a COA must prove something more

than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

Upon consideration, the undersigned finds that Potter should be **DENIED** a Certificate of Appealability as to the present habeas petition. Potter has not made a substantial showing of the denial of a constitutional right, and he has presented no constitutional claim for which "reasonable jurists would find [this] court's assessment ... debatable or wrong." *Slack,* 529 U.S. at 484. As to those claims dismissed for failure to exhaust, the undersigned further finds that reasonable jurists would not find it debatable whether the Court was correct in that procedural ruling.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson,* No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa,* No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[7]

---

[7] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

11

# APPEAL IN FORMA PAUPERIS

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued ... is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding ... [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L.Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F..App'x. 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Potter in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis.*[8]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **15th** day of **March 2018**.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[8] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).